J.E. TOMLIN et ux., Appellants,

v.

PETROLEUM CORPORATION OF
TEXAS, Appellee.

No. 11–85–039–CV.

Court of Appeals of Texas,
Eastland.

June 13, 1985.

John R. Cook, Thompson & Cook, Breckenridge, for appellants.

Frank L. Jennings, Jennings, Dies, Turner & Knight, Graham, for appellee.

McCLOUD, Chief Justice.

J.E. Tomlin and his wife, Betty Tomlin, lessors, sued Petroleum Corporation of Texas (PETCO), lessee, seeking a declaratory judgment under the Uniform Declaratory Judgment Act, TEX.REV.CIV.STAT. ANN. art. 2524–1 (Vernon 1965) concerning their rights and status under an oil, gas, and mineral lease entered into by the parties. The Tomlins alleged that the lease terminated for failure to produce "oil." Alternatively, they contended that the lease is ambiguous and the case should be reversed and remanded so that parol evidence may be introduced to show that the parties intended that upon expiration of the primary term, the lease would be perpetuated as to only forty (40) acres around any producing well, whether oil or gas.

Both parties filed motions for summary judgment. The trial court granted summary judgment to PETCO, stating that the subject lease remains in full force and effect. The Tomlins appeal. We affirm.

The December 3, 1974, oil, gas, and mineral lease consists of a printed form, together with a typed rider containing five (5) additional paragraphs relating to PETCO's operations under the lease. The granting clause grants PETCO the right to "(produce) oil, gas, and all other minerals" found in the covered 326.5 acres of leased land. The habendum clause states that

"(S)ubject to the other provisions herein contained, this lease shall remain in force for a term of three (3) years ... (called 'primary term'), and so long thereafter as oil, gas, or other mineral is produced from said land." Paragraph 16, one of the five paragraphs contained in the typed rider, states the following:

> At the end of the primary term hereof each producing *oil well* drilled on said land by Lessee shall hold 40 acres, to be designated by Lessee, and the balance of the acreage shall be released to Lessor; and after the primary term hereof, any acreage so held by a producing well shall be considered as covered by a separate lease from any other acreage held by any other producing well, so that production from any such well shall not thereafter continue this lease in effect as to acreage which was held by another producing well at the expiration of the primary term hereof. (Emphasis added)

PETCO drilled a gas well on the premises, which was producing gas at the expiration of the primary term of the lease.

The Tomlins argue that paragraph 16 operates as an amendment to the habendum clause, the effect of which is to prevent a gas well from maintaining the lease in force beyond the end of the primary term. They contend that only a producing "oil well" will hold any acreage of the lease beyond the primary term, with "the balance of the acreage," including that surrounding a gas well, to be "released to Lessor." We disagree.

In determining proper construction of a contract, the court usually examines the entire document. Language used by the parties should be given its plain grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated. Language used by the parties to an oil and gas lease will not be held to impose a special limitation on the grant unless it is clear and precise and so unequivocal in nature that it can reasonably be given no other meaning. *Fox v. Thoreson*, 398 S.W.2d 88 (Tex.1966).

Paragraph 16 begins by stating that "each producing *oil well* drilled on said land ... shall hold forty (40) acres...." (Emphasis added) The provision contains no reference to a producing *gas well.* Where specific things are followed by some general term, such general term must refer to things of the same kind. *Fleming Foundation v. Texaco*, 337 S.W.2d 846 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.). Phrases such as "any acreage so held by a producing well" and "any such well" refer only to any *oil wells* which are producing at the expiration of the primary term of the subject lease. Paragraph 16 does not apply to acreage held by a gas well. The language urged by the Tomlins as imposing a special limitation on the grant is not clear, precise, and "so unequivocal in nature that it can reasonably be given no other meaning." *Fox v. Thoreson*, supra at 92.

Therefore, the habendum clause alone governs the right of the parties when a gas well is producing at the end of the primary term. Accordingly, the gas well maintains the lease in full force and effect as to all 326.5 acres.

The Tomlins' conditionally submitted second point of error, seeking a remand of this case, is overruled. We hold that the lease is not ambiguous. Only a question of law is involved; no genuine issue of fact exists. Therefore, the trial court's rendition of summary judgment in favor of PETCO was proper.

The judgment of the trial court is affirmed.